UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT ANTHONY BURAS | CIVIL ACTION |
| VERSUS | NO: 06-6713 |
| TEI SEALING SYSTEMS, L.L.C., ET AL. | SECTION: "J" (1) |

**ORDER**

Before the Court is Defendant's Motion for Summary Judgment (Rec. Doc. 21). For the reasons state below, Defendant's Motion for Summary Judgment is **GRANTED.**

**BACKGROUND**

Plaintiff was employed by TEI Sealing Systems ("Sealing Systems"). Plaintiff instituted this suit in September 2006, alleging sex discrimination in violation of 42 U.S.C. § 2000e. In his complaint, Plaintiff claims that he was subjected to male-on-male sexual harassment at the hands of management and fellow employees while employed at Sealing Systems. Plaintiff further claims that he complained to his supervisors of the conduct, but the harassment continued, eventually leading to his "constructive discharge" in September 2003.

Plaintiff filed suit in September 2006.  In December 2006, Defendant moved to dismiss the case under Fed. R. Civ. P. 12(b)(6) on the grounds that Sealing System is not an employer as defined by Title VII.  After continuing the hearing date, this Court denied the motion to dismiss without prejudice to the filing of a Rule 56 Motion for Summary Judgment after discovery had been completed.  Thereafter plaintiff's counsel indicated that the deposition of a Mr. Otis Earlycutt might be dispositive in the case.

On July 24, 2007, Defendants filed this Motion for Summary Judgment reurging their defense that Sealing System was not an employer for purposes of Title VII.  Defendant also argues that the Plaintiff's claim has no merit.  Plaintiff responded that he had not yet had the opportunity to depose Mr. Earlycutt.  This Court continued the hearing on the Motion for Summary Judgment and ordered the Plaintiff to immediately notice and take the deposition of Mr. Earlycutt.  After the deposition, the Plaintiff filed its response and the accompanying Unsworn Declaration of James Buras.

## DISCUSSION

A. Summary Judgment Standard

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Fed. R. Civ. Proc. 56(c)).  The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. *Id*. Once the moving party meets that burden, the non-moving party must go beyond the pleadings and designate facts showing that there is a genuine issue of material fact in dispute. *Id*.  "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party. If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted). The non-moving party's burden "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. [The courts] resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *[The courts] do not, however, in the absence of any proof, assume that the nonmoving*

3

*party could or would prove the necessary facts."* Little, 37 F.3d 1075 (emphasis in original)(citations omitted).

B. Argument

In order to state a claim for a hostile working environment, a plaintiff must prove five elements: (1) that he belonged to a protected class; (2) he was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Woods v. Delta Beverage Group*, 274 F.3d 295, 299 (5th Cir. 2001). Defendant claims that Plaintiff cannot substantiate that he was actually the victim of unwelcome sexual harassment.

In general, "[a] party opposing . . . a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Unsubstantiated assertions are not competent summary judgment evidence. *Id. (citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). While merely "filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material

4

issues of fact as to every element of its case," opposing parties are required to respond to specific issues raised in the motions. *See Lemaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 388 (5th Cir. 2007)(*quoting Russ v. Int'l Paper Co.*, 943 F.2d 589, 591 (5th Cir. 1991)(en banc)).

In this case, Plaintiffs averred that the deposition of Mr. Earlycutt might be dispositive of this case.  However, Mr. Earlycutt's deposition indicated that he has no recollection of any sexual harassment towards the Plaintiff.  Plaintiff responded with additional evidence - the unsworn declaration of James Buras, brother of the Plaintiff.  Plaintiff claims that the uncontradicted unsworn declaration of James Buras creates a genuine issue of material fact.  However, Mr. Buras's declaration is entirely hearsay.[1]

As noted above, the Plaintiff must present competent summary judgment evidence in order to create a genuine issue of material fact.  Fifth Circuit jurisprudence is clear that hearsay evidence is not competent summary judgment evidence.  *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 510 n.5 (5th Cir. 2001); *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *Martin*

---

[1]The Unsworn Declaration is a little over a page long.  The substantive portions of the Delcaration begin" Scott told me...", and only offer evidence based on what the Plaintiff told his brother.  This is classic hearsay as defined by Fed. R. Evid. 801

*v. John W. Stone Oil Distrib.*, 819 F.2d 547, 549 (5th Cir. 1987). Accordingly, Plaintiff has not presented the Court with competent summary judgment evidence to prove the existence of a genuine issue of material fact.

Because the Court decides that there is no issue of material fact, it does not reach the question of whether Sealing System is an employer for the purposes of Title VII.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

New Orleans, Louisiana this the 30th day of August, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE